UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARNOLDO GARCIA HERNANDEZ,

Petitioner,

v.

JULIO HERNANDEZ, *et al.*,

Respondents.

CASE NO. 2:26-cv-02058-GJL

ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS

Petitioner Arnoldo Garcia Hernandez ("Petitioner") is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. On June 11, 2026, Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release from immigration detention or, in the alternative, an individualized bond hearing before an immigration judge. *Id.*  Respondents to the Petition include Julio Hernandez (Acting Field Office Director for ICE's Seattle Field Office), Markwayne Mullin (the Department of Homeland Security ("DHS") Secretary), Todd Blanche (Acting U.S. Attorney General), and Bruce Scott (Warden of the NWIPC). The Petition has been fully briefed. Dkts. 1, 7, 10.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 1

Having considered the parties' submissions, the balance of the record, and the governing law, the Court **GRANTS** the Petition **IN PART** and **ORDERS** that Petitioner be provided a prompt, individualized bond hearing as set forth in the conclusion below.[1]

## I.    FACTUAL BACKGROUND

The matter before the Court is a familiar one, and the operative facts are undisputed. *See* Dkt. 1; Dkt. 7. Petitioner, citizen of Guatemala, entered the United States without lawful status, was apprehended by immigration officials, served with a Notice to Appear charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), and released into United States as an unaccompanied noncitizen child ("UAC") into the custody of a family member in 2019. Dkt. 1 at 8–10; *see also* Dkt. 9. Following Petitioner's criminal arrest and the conclusion of his criminal proceedings, he was transferred to immigration custody without receiving an individualized hearing concerning the reasons for that detention. *Id.* Petitioner was placed in immigration detention on or around May 27, 2026, and remains detained at NWIPC. *Id.*

## II.    PROCEDURAL BACKGROUND

In his Petition filed pursuant to 28 U.S.C. § 2241, Petitioner alleges his detention without an individualized hearing is unlawful. Dkt. 1. On June 26, 2026, Respondents filed a Return alleging Petitioner's detention is statutorily lawful and that his continued detention without a hearing comports with due process. Dkt. 7. Petitioner filed a Traverse on July 1, 2026. Dkt. 10.

Having reviewed the Parties' arguments, the factual record, and the relevant legal authority, the Court concludes that Petitioner did not receive constitutionally adequate process in connection with his current immigration detention and grants a conditional writ on that basis.

//

---

[1] The parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 5.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 2

## III.   LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is in "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the federal government from depriving any person "of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. Due process protections extend to all individuals within U.S. borders, including noncitizens, regardless of their immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

Procedural due process demands meaningful notice and a genuine opportunity to be heard before the federal government infringes upon a liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Courts in the Ninth Circuit apply the *Mathews* balancing test in immigration detention cases, weighing: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the Government's countervailing interest, including fiscal and administrative burdens. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 n.4 (W.D. Wash. 2025) (collecting cases).

## IV.   DISCUSSION

Respondents first argue Petitioner's detention is lawful because he is mandatorily detained under 8 U.S.C. § 1225. Dkt. 7 at 6–8. However, Respondents correctly note that this Court and others in this District consistently reject Respondents' mandatory detention argument in this context. *Id.* at 7–8 (citing *Reyes v. Hernandez*, No. 2:26-CV-00633-GJL, 2026 WL 820481, at *3 (W.D. Wash. Mar. 25, 2026) (collecting cases)); *see also Garcia Gabriel v. Hermosillo*, No. 2:25-CV-02594-DGE-GJL, 2026 WL 194233, at *2–4 (W.D. Wash. Jan. 26, 2026). The Court does so again here.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 3

Moreover, regardless of Respondents' claimed statutory basis for detaining Petitioner, the Due Process Clause affords Petitioner constitutional protections that must be considered. *P.T. v. Hermosillo*, No. 25-cv-2249-KKE, 2025 WL 3294988, at *2 n.1 (W.D. Wash. Nov. 26, 2025). Thus, the Court applies the three-part *Mathews* framework to determine whether Petitioner's detention without an individualized hearing before an immigration judge violated his right to due process.

In doing so, the Court perceives no meaningful distinction between the facts and circumstances in this case and others in this District finding that the *Mathews* factors balance in favor of noncitizens who, like Petitioner, were detained without an individualized custody hearing despite the relatively modest burden that procedure imposes and the considerable value it provides in avoiding an erroneous deprivation of liberty interests garnered through the months or years of the noncitizen's lawful release into the United States. *See, e.g.*, *Reyes*, 2026 WL 820481, at *3–5; *Caisa Telenchana v. Hermosillo*, No. 2:26-CV-00363-GJL, 2026 WL 696806, at *10 (W.D. Wash. Mar. 12, 2026); *see also Garcia Gabriel*, 2026 WL 194233, at *2–4 (finding statutory violation and requiring post-deprivation hearing for previously released UAC under 8 U.S.C. § 1226(a)); *Cotoc Yac De Yac v. Hermosillo*, No. 2:25-CV-02593-DGE-TLF, 2026 WL 124334, at *5 (W.D. Wash. Jan. 16, 2026); *Velasquez v. Scott*, No. 2:26-CV-00509-RAJ, 2026 WL 820822, at *2 (W.D. Wash. Mar. 25, 2026). Indeed, Respondents offer no such distinction in their briefing. *See* Dkt. 7. Instead, Respondents primarily address the manner by which Petitioner was allegedly *mandatorily* detained on *statutory grounds* and the appropriate remedy for any unlawful detention. *Id.*[2]

---

[2] Respondents also address whether Petitioner's continued detention is unlawful under the test put forth in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1117–18 (W.D. Wash. 2019), which this Court applies to prolonged detention claims. As Petitioner raises no such claim in his Petition, the Court need not address the *Banda* factors or Respondents' application of that test to the case at bar.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 4

Accordingly, given the weight of authority in this District reaching the same result on substantively identical circumstances and due to the absence of any meaningful opposition raised by Respondents, the Court concludes that Petitioner's detention without an individualized hearing is unlawful and violates due process.

## V.   REMEDY

Having determined that Petitioner is detained without being provided process due to him, the Court now determines the appropriate remedy for his unlawful confinement. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "In modern habeas practice, courts often 'employ a conditional order of release,' which orders the government to release the petitioner unless it 'takes some remedial action' that corrects" the government's violation of the law. *Cardozo v. Bostock*, No. 2:25-cv-00871-TMC, 2025 WL 2592275, at *2 (W.D. Wash. Sept. 8, 2025) (quoting *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008)).

Respondents argue that the appropriate habeas relief would be for this Court to order a bond hearing, and Petitioner requests this same relief as an alternative to immediate release. Dkt. 7 at 8; Dkt. 1 at 35. Further, this Court and others in this District have ordered a post-deprivation hearing in similar circumstances to those presented here, including detention of a noncitizen following a criminal arrest. *Reyes*, 2026 WL 820481, at *6 (collecting cases). Accordingly, the Court grants Petitioner's alternative request for a prompt bond hearing as set forth in the conclusion below.

## VI.   CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

(1)    Petitioner's habeas Petition (Dkt. 1) is **GRANTED IN PART**;

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 5

(2)    Respondents **SHALL** provide Petitioner Arnoldo Garcia Hernandez with an individualized bond hearing before an immigration judge **within seven days of this Order**, unless the hearing is continued at the Petitioner's request, at which the Government bears the burden of proof by clear and convincing evidence that Petitioner is a danger to the community or poses a risk of flight;

(3)    If a bond hearing is not provided **within seven days** of the date of this Order, Respondents **SHALL release** Petitioner from ICE custody immediately on the terms of his most recent release, if any; and

(4)    Respondents **SHALL file** a declaration with the Court confirming that Petitioner received a bond hearing—and the results of that hearing—or otherwise confirming Petitioner's request for a continuance or his release by **August 5, 2026**.

Finally, the Court will entertain any post-judgment motion for attorney's fees, as requested in the Petition. Any fee petition must be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 28th day of July, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 6