UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARNOLDO GARCIA HERNANDEZ,

Petitioner,

v.

JULIO HERNANDEZ, *et al.*,

Respondents.

CASE NO. 2:26-cv-02058-GJL

ORDER DENYING MOTION TO ENFORCE WITHOUT PREJUDICE TO THE INSTITUTION OF A NEW ACTION

Before the Court in this now-closed case is a Motion to Enforce the Court's Order and Judgment granting federal habeas relief pursuant to 28 U.S.C § 2241. Dkt. 14 (Motion); Dkts. 11, 12 (Order and Judgment). For the reasons set forth below, Petitioner's Motion (Dkt. 14) is **DENIED without prejudice** and **with the ability to re-file as a new, separate habeas action**.[1]

## I. DISCUSSION

Federal courts possess authority to enforce their judgments, including by ordering a party to perform a specific act required by the judgment. That authority permits a court to ensure compliance with the relief it previously ordered. Fed. R. Civ. P. 70(a); *Rose v. Guyer*, 961 F.3d

[1] The parties have consented to proceed in this action before a United States Magistrate Judge. Dkt. 5.

1238, 1245 (9th Cir. 2020). The Court's authority to enforce its judgments does not, however, automatically provide a vehicle for adjudicating any and all claims arising from the manner in which that relief was subsequently provided.

Here, the Court's Order and Judgment required Respondents to provide Petitioner with an individualized bond hearing within seven days, at which Respondents would bear the burden of proof by clear and convincing evidence. Dkts. 11, 12. Petitioner does not allege the sort of direct noncompliance with the Order and Judgment that could be resolved by simply enforcing its terms (for example, that Respondents refused to provide a hearing within the required period or that the Immigration Judge ("IJ") failed to place the specified burden of proof on Respondents). Rather, Petitioner challenges the constitutionality of IJ's decision making and whether Respondents' evidence was sufficient to sustain the IJ's bond denial decision as a matter of law. *See* Dkt. 14.

The question previously adjudicated by this Court was whether the manner by which Petitioner was re-detained by immigration authorities violated due process and, if so, what process was required to remedy that violation. *See* Dkts. 1, 11. The instant Motion raises a different question: whether the bond hearing subsequently conducted complied with applicable constitutional and legal requirements. *See* Dkt. 14. Resolution of that question would require the Court to consider the record of the subsequent hearing, receive briefing concerning the legal standards governing Petitioner's new allegations of error, and apply those standards to facts that did not exist when the Court entered its Order and Judgment. The resulting proceeding would therefore more closely resemble a new habeas action addressing a distinct constitutional violation, rather than the direct enforcement of an existing judgment.

Thus, given the nature of Petitioner's challenge, the appropriate course is to file a new, separate action rather than to seek continued litigation in a closed case. *See Mamo v. Bondi*, No. 2:25-cv-02562-SKV, Dkt. 16 (W.D. Wash. Apr. 8, 2026) (striking improper motion to enforce, stating "if Petitioner wishes to challenge the constitutional sufficiency of his bond hearing, he must do so by way of a separate federal habeas petition and not by way of a motion seeking to resurrect this now closed case."); *Hurtado Gomez v. Hernandez*, No. 2:26-cv-02082-MLP, Dkt. 21 (W.D. Wash. Aug. 21, 2026) (similar).

Accordingly, Petitioner must raise any challenge to the legal or constitutional sufficiency of the court-ordered bond hearing by filing a new, separate habeas petition. *See Velasquez v. Ice Field Office*, 2026 WL 1834287, at *1 (W.D. Wash. June 25, 2026).

## II. CONCLUSION

For the above stated reasons, Petitioner's Motion to Enforce (Dkt. 14) is **DENIED without prejudice** and **with the right to re-file in a new, separate action**.

Dated this 26th day of August, 2026.

Grady J. Leupold
United States Magistrate Judge